UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Quincy D. Hubbard,                    Case No. 17-cv-1805 (WMW/BRT)

            Petitioner,

                                       **ORDER ADOPTING REPORT AND**
v.                                  **RECOMMENDATION**

Warden L. LaRiva,

            Respondent.

---

This matter is before the Court on the July 28, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Becky R. Thorson. (Dkt. 3.) Petitioner Quincy D. Hubbard filed a timely objection to the R&R. Respondent Warden L. LaRiva filed a response that does not substantively address the R&R or Hubbard's objection. Nonetheless, LaRiva asserts that the R&R should be adopted in full.

This Court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Those portions of an R&R to which no objections are made are reviewed for clear error. *See* Fed. R. Civ. P. 72(b) 1983 advisory committee note; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

The R&R observes that a federal prisoner generally must challenge a conviction or sentence through a Section 2255 motion in the jurisdiction in which the prisoner was sentenced rather than through a Section 2241 habeas petition filed in the jurisdiction of

incarceration. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). To collaterally challenge a conviction or sentence under Section 2241, a prisoner must demonstrate that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality" of the detention. *See* 28 U.S.C. § 2255(e). The R&R correctly applies Eighth Circuit law, which provides that "in order to establish [that] a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier" and, at a minimum, the prisoner must show that there was "no earlier procedural opportunity to present [the prisoner's] claims." *Abdullah v. Hedrick*, 392 F.3d 957, 959, 963 (8th Cir. 2004) (internal quotation marks omitted). Hubbard's petition is based on *Mathis v. United States*, in which the Supreme Court of the United States recognized that it was applying an "essential rule" that had been set forth "more than a quarter century ago." 136 S. Ct. 2243, 2251 (2016). For this reason, the R&R concludes that Hubbard had multiple earlier opportunities to present the arguments he made in his Section 2241 petition. On this basis, the R&R recommends dismissing Hubbard's Section 2241 petition for failure to establish that Section 2255 "is inadequate or ineffective" under the Eighth Circuit's precedent.

Hubbard does not challenge the R&R's application of Section 2255 under Eighth Circuit precedent, and the R&R's analysis is neither clearly erroneous nor contrary to law. Instead, Hubbard argues that his habeas petition should be governed by decisions of the Seventh Circuit because he was convicted and sentenced in the United States District Court for the Northern District of Illinois. Hubbard has not established, and this Court's research has not identified, a legal basis for this Court to apply Seventh Circuit precedent

in lieu of Eighth Circuit precedent in these circumstances. Moreover, an application of Seventh Circuit precedent would not lead to a different decision here. *See, e.g.*, *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (concluding that the holding in *Mathis* is neither a "new rule" nor retroactive); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (stating that a Section 2241 petitioner must establish that a "new rule applies retroactively to cases on collateral review and could not have been invoked in [petitioner's] earlier proceeding"). Hubbard's objection is overruled.

Approximately one week after filing his objection, Hubbard filed a document titled "motion to supplement jurisdictional statement." Although styled as a motion, this document appears to be a supplemental objection to the R&R, and the Court construes it as such. But nothing in Hubbard's supplemental objection substantively addresses the R&R's conclusion that Hubbard has not demonstrated that the remedy provided by Section 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), which Hubbard must demonstrate to challenge his sentence under Section 2241. For this reason, Hubbard's supplemental objection is overruled.

Based on the foregoing analysis, the R&R, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Quincy D. Hubbard's objections to the July 28, 2017 R&R, (Dkts. 4, 5), are **OVERRULED**;

2. The July 28, 2017 R&R, (Dkt. 3), is **ADOPTED**;

3. Petitioner Quincy D. Hubbard's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**; and

4. Petitioner Quincy D. Hubbard's application to proceed in district court without prepaying fees or costs, (Dkt. 2), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: October 24, 2017                                    s/Wilhelmina M. Wright
                                                           Wilhelmina M. Wright
                                                           United States District Judge